UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT HALL, | ) |
|   Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 23-1120 |
| | ) |
| AMY WYKES, et. al., | ) |
|   Defendants | ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff claims Defendants Lieutenant Kraznacion, Amy Wykes, Lieutenant Brewer, and Warden John Doe violated his rights at Pontiac Correctional Center. Plaintiff describes in detail his living conditions at Pontiac from August of 2020 until May of 2022. Plaintiff identifies his cell assignments and the specific problems with each one.

For instance, Plaintiff continually faced issues with plumbing whether water was turned off completely or the toilet flushed 24 hours a day or there was no hot water for months in the winter. Plaintiff also describes different problems with leaks including

1

"waste water" and odors which caused "never-ending headaches, nights full of coughing, nausea, occasional vomiting, skin irritations, and inflammation" of Plaintiff's asthma. (Comp, p. 6, 7). Plaintiff also describes continued problems with mold as well as "black worm-like insects" dropping out of the sink, slime in the sink, lack of adequate cleaning supplies, poor ventilation, etc. (Comp, p. 4).

Plaintiff directly complained about these conditions to Defendants Kraznacion, Brewer, Wykes, and Warden John Doe, but no action was taken. Plaintiff has alleged each of the Defendants violated his Eighth Amendment rights based on the totality of his living conditions.

To succeed on his conditions-of-confinement claim, Plaintiff just again pass a two-part test. *See Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664–65 (7th Cir. 2012). First, Plaintiff must demonstrate he was incarcerated in conditions which posed a substantial risk of serious harm. *Id.* Second, Plaintiff must demonstrate the Defendant was deliberately indifferent to the substantial risk of harm, meaning he was aware of it but ignored it or failed "to take reasonable measures to abate it." *Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994)("official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Negligence or even gross negligence does not constitute deliberate indifference. *See Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009).

Plaintiff next claims the Defendants violated his Fourteenth Amendment rights when he was denied the opportunity to complete the grievance process. However,

Courts have long held a prisoner cannot state a due process violation based on problems with the grievance procedure. *See Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015)("the inadequacies of the grievance procedure itself, as distinct from its consequences, cannot form the basis for a constitutional claim."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011)("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of (plaintiff's) grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim); *McGee v. Mayo*, 211 Fed.Appx. 492, 494(7th Cir. 2006)(prisoner "has no liberty interest in prison grievance procedures, because the procedures themselves create no substantive rights."); *Bey v. Indiana*, 2018 WL 2560800, at *2 (N.D.Ind. June 4, 2018)("prisoner has no due process rights with respect to the prison grievance procedures…"); *Mason v. Spiller*, 2018 WL 2088023, at *2 (S.D.Ill. May 4, 2018)("it has long been held that no independent due process claim arises from the mishandling of grievances. Grievance procedures are not constitutionally mandated and do no implicate the Due Process Clause per se.").

While not identified as a "count," the pro se Plaintiff has also articulated a retaliation claim against Defendant Brewer. To state a retaliation claim, a plaintiff must claim "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir.2009) (internal quotations omitted).

In this case, Plaintiff was warned he would not be moved again to a different cell. Plaintiff continued to complain about his living conditions, and another officer moved him to a better cell in the summer of 2021. Plaintiff maintains when Defendant Brewer learned about his complaints, he moved Plaintiff to "the worst cell I've ever been in," Cell B-209. (Comp, p. 6). The Court will add the retaliation claim based on the factual allegations in Plaintiff's complaint. However, if Plaintiff does not wish to pursue this claim or did not exhaust his administrative remedies for this claim, he should promptly file a motion for leave to dismiss the retaliation claim.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendants Lieutenant Kraznacion, Amy Wykes, Lieutenant Brewer, and Warden John Doe violated Plaintiff's Eighth Amendment rights at Pontiac Correctional Center based on the totality of his living conditions from August of 2020 until May of 2022; and b) Defendant Brewer retaliated against the Plaintiff after he complained about living conditions in the summer of 2021 by moving him to Cell B-209, the worst cell to date. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give

4

Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of

those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Attempt service on Defendants pursuant to the standard procedures; 2) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 3) Enter the**

**Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 18th day of April, 2023.

                            s/James E. Shadid

                        _____
                               JAMES E. SHADID
                        UNITED STATES DISTRICT JUDGE