UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT HALL, | ) |
|   Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 23-1120 |
| | ) |
| AMY WYKES, *et al.*, | ) |
|   Defendants. | ) |

MERIT REVIEW ORDER – AMENDED COMPLAINT

JAMES E. SHADID, U.S District Judge:

This cause is before the Court for merit review of Plaintiff's Amended Complaint. (Doc. 22). Plaintiff filed an Amended Complaint to identify Defendant John Doe as John Burle, the Warden of Pontiac Correctional Center ("Pontiac"). (Doc. 21 at p. 1). The Court is required by 28 U.S.C. §1915A to "screen" Plaintiff's Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff claims Defendants Lieutenants Reginald Brewer and John Krasnican, Counselor Amy Wykes, and Warden John Burle violated his constitutional rights at Pontiac. Plaintiff describes in detail his living conditions at Pontiac from August of 2020 until May of 2022. Plaintiff identifies his cell assignments and the specific problems with each one.

1

For instance, Plaintiff continually faced issues with plumbing whether water was turned off completely or the toilet flushed 24 hours a day or there was no hot water for months in the winter. Plaintiff also describes different problems with leaks, including "waste water" and odors, which caused "never-ending headaches, nights full of coughing, nausea, occasional vomiting, skin irritations, and inflammation" of Plaintiff's asthma. (Doc. 22 at pp. 6-7). Plaintiff also describes continued problems with mold, as well as "black worm-like insects" dropping out of the sink, slime in the sink, lack of adequate cleaning supplies, poor ventilation, etc. *Id.* at p. 4.

Plaintiff directly complained about these conditions to Defendants Krasnican, Brewer, Wykes, and Burle, but no action was taken. Plaintiff has alleged each of the Defendants violated his Eighth Amendment rights based on the totality of his living conditions.

"A claim that the conditions of an inmate's confinement were constitutionally inadequate proceeds through a two-step inquiry." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012). First, Plaintiff must demonstrate he was incarcerated in conditions which posed a substantial risk of serious harm. *Id.* at 664-65. Second, Plaintiff must demonstrate Defendants "acted with knowledge that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference."). Negligence or even gross negligence does not constitute deliberate indifference. *See Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009).

Plaintiff next claims Defendants violated his Fourteenth Amendment rights when he was denied the opportunity to complete the grievance process. However, Courts have long held a prisoner cannot state a due process violation based on problems with the grievance procedure. *See Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) ("the inadequacies of the grievance procedure itself, as distinct from its consequences, cannot form the basis for a constitutional claim."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim); *McGee v. Mayo*, 211 Fed. App'x 492, 494 (7th Cir. 2006) (prisoner "has no liberty interest in prison grievance procedures, because the procedures themselves create no substantive rights."); *Bey v. Indiana*, 2018 WL 2560800, at *2 (N.D. Ind. June 4, 2018) ("prisoner has no due process rights with respect to the prison grievance procedures…"); *Mason v. Spiller*, 2018 WL 2088023, at *2 (S.D. Ill. May 4, 2018) ("it has long been held that no independent due process claim arises from the mishandling of grievances. Grievance procedures are not constitutionally mandated and do not implicate the Due Process Clause per se.").

While not identified as a "count," the *pro se* Plaintiff has also articulated a retaliation claim against Defendant Brewer. To state a retaliation claim, a plaintiff must claim "(1) he engaged in activity protected by the First Amendment; (2) he suffered a

3

deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009) (internal quotations omitted).

In this case, Plaintiff was warned he would not be moved again to a different cell. Plaintiff continued to complain about his living conditions, and another officer moved him to a better cell in the summer of 2021. Plaintiff maintains when Defendant Brewer learned about his complaints, he moved Plaintiff to "the worst cell I've ever been in," Cell B-209. (Doc. 22 at p. 6). The Court will add the retaliation claim based on the factual allegations in Plaintiff's Amended Complaint. However, if Plaintiff does not wish to pursue this claim or did not exhaust his administrative remedies for this claim, he should promptly file a motion for leave to dismiss the retaliation claim.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendants Amy Wykes, Reginald Brewer, John Krasnican, and John Burle violated the Plaintiff's Eighth Amendment rights at Pontiac Correctional Center based on the totality of his living conditions from August of 2020 until May of 2022; and b) Defendant Brewer retaliated against the Plaintiff after he complained about living conditions in the summer of 2021 by moving him to Cell B-209, the worst cell to date. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case,

4

except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) The Clerk is DIRECTED to substitute Defendant John Burle, the Warden of Pontiac Correctional Center, for Defendant John Doe.

3) No waivers need to be issued for Defendants Wykes, Brewer, and Krasnican, as they have returned executed summons.

4) Defendants Wykes, Brewer, and Krasnican are DIRECTED to answer Plaintiff's Amended Complaint [22] within 21 days of this Order.

5) The discovery deadline is RESET for May 6, 2024, and the dispositive motions deadline is RESET for June 5, 2024.

6) The Clerk is DIRECTED to send Defendant Burle pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Amended Complaint; and 4) a copy of this Order.

7) The Court will attempt service on Defendant Burle by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

8) Defendant Burle shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer

sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service.

9) If Defendant no longer work at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

10) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel.

11) Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

12) Defendants are given leave to file a motion for summary judgment on exhaustion of administrative remedies under 42 U.S.C. § 1997e(a) within 30 days of the filing of Defendant Burle's answer. Discovery will not be stayed unless Defendants file a motion to stay discovery.

13) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

14) Plaintiff shall be provided a copy of all pertinent medical records upon request.

15) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel if he has not already done so.

16) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service.

ENTERED: 12/6/23

                                                s/ James E. Shadid
                                                James E. Shadid
                                                United States District Judge